[861 NYS2d 361]

In the Matter of MICHELE M. MONOPOLI, an Attorney, Resignor.

Second Department, June 17, 2008

### APPEARANCES OF COUNSEL

*Scalise & Hamilton, LLP,* Scarsdale (*Deborah Scalise* of counsel), for resignor.

*Gary L. Casella,* White Plains (*Fredda Fixler-Fuchs* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Michele M. Monopoli has submitted an affidavit dated Febru-

ary 5, 2008, wherein she tenders her resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Ms. Monopoli was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 8, 1994.

Ms. Monopoli avers that her resignation is submitted freely and voluntarily, that she is not being subjected to any coercion or duress, and that she is fully aware of the implications of its submission. She is aware that she is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct based upon a complaint of professional misconduct filed against her and admits that the Grievance Committee's preliminary investigation revealed, inter alia, a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Ms. Monopoli acknowledges the likelihood that the Grievance Committee will move, via order to show cause pursuant to 22 NYCRR 691.4 (l) (1) (ii) and (iii), for authorization to institute a disciplinary proceeding against her. She further acknowledges her inability to defend herself against such charges.

Ms. Monopoli is aware that, pursuant to Judiciary Law § 90 (6-a) and with respect to any funds being held by her in a fiduciary capacity for any third parties which might be unaccounted for, the Court could require her to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection for same. The respondent is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her and she specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with all pertinent court rules, it is accepted and, effective immediately, Michele M. Monopoli is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and CARNI, JJ., concur.

Ordered that the resignation of Michele M. Monopoli is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michele M. Monopoli is disbarred, and her name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michele M. Monopoli shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michele M. Monopoli is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Michele M. Monopoli has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).